## CHILD v. EUREKA POWDER WORKS.

As between the drawer and a mere accommodation acceptor of a bill for the benefit of the drawer, such acceptor stands as surety.

In an action upon a promissory note, given by a principal to his surety to indemnify the latter for his liability, the measure of damages is the amount paid by the surety on account of such liability, before the trial, with interest from the time of payment.

An auditor has no power to allow an amendment of the pleadings in an action at law committed to him.

In an action of assumpsit the plaintiff can not recover upon a promissory note given to him by the defendant, which had not become due at the date of the plaintiff's writ.

Where a specification has been filed under a count for money had and received, the plaintiff is not entitled to recover upon a note substantially varying from his specification.

Under a count for money had and received, the plaintiff can not recover upon a note made by the defendant, payable to a third person, and not indorsed by the latter, where it does not appear that any money or any thing treated as money had passed between the plaintiff and the defendant.

Under the general issue the defendant can not show a judgment recovered in another State by the plaintiff, upon the same cause of action, since the commencement of the plaintiff's suit here.

Under a count for money had and received, a surety can not recover of his principal for money paid by the surety on account of his liability for such principal.

An attorney, merely as such, has no authority to indorse for his client a note left with him for collection.

THE plaintiff's writ was dated December 4, 1860, and was served on the 6th, 9th and 10th of said December.

The action was for money had and received, and was committed to an auditor, who made his report, finding due the plaintiff $24,915.53, upon sundry notes of hand of the defendants.

The finding in this case was subject to exceptions, which were stated by the auditor, with the facts upon which they are founded. The pleadings and the auditor's report were made part of the case, and the questions arising thereon were reserved for the determination of the whole court, with liberty for either party to try the cause by the jury afterward.

The auditor's statement was as follows:

"The account in this case was stated, subject to exceptions, which, at the request of the parties, the auditor states, together with the motions and positions of the parties respectively.

The defendants, whose works are at New-Durham, in this county, some time ago applied to the plaintiff, who resides in Providence, R. I., to accept sundry drafts for their accommodation; the defendants having no funds in the plaintiff's hands, and he having no

interest in the defendant's works, or business. The course of business at first was for the plaintiff to accept a draft on time, drawn by the defendants upon the plaintiff, in favor of George Mathewson (who was a director of, and a large stockholder in the defendants' corporation), and by him indorsed. Such draft would be accompanied, when sent to the plaintiff, by the defendants' note to the same George Mathewson, and by him indorsed, of the same date, amount and time with the draft. The plaintiff would accept the draft, and return it to the defendants, and retain the defendants' note. The defendants, from their own funds, would pay the plaintiff's acceptance at maturity, and forward it to the plaintiff, who thereupon returned the corresponding note of the defendants to them. This was the course of business for some time, until the plaintiff's acceptances reached such an amount as induced him to request the defendants to reduce it. After some negotiation between the parties, instead of reducing the amount it was arranged between them that when the plaintiff accepted for the defendants' account, he should be in a position immediately to protect himself, and that the defendants' notes for the plaintiff's acceptances, instead of being upon the same time as the acceptances, should be on demand.

Business between the parties continued for some time upon this basis, until early in the winter of 1860, when said George Mathewson died, and the defendants failed, and this suit was commenced.

To the allowance of the following named notes the defendants made no objection : namely,

Note No. 316, June 4, 1860, $2,500; No. 345, August 28, 1860, $2,000; No. 346, August 28, 1860, $2,000; amounting to $6,500.

The auditor has allowed interest upon these notes, from their date. The defendants claim that interest should be allowed only from the time of the payment of the acceptances for which the notes were respectively given.

The auditor has allowed note No. 357, dated September 24, 1860, for $2,000, to which the defendants except, because the note does not conform to the specification, and therefore the plaintiff moves for leave to amend his specification. The auditor has included in his statement of the account between the parties :

Note No. 331, July 18, 1860, for $2,500; No. 373, November 15, 1860, for $2,500; No. 361, October 20, 1860, $2,500; No. 356, September 12, 1860, $2,500.

These notes, though made payable to said George Mathewson, were not indorsed, and one of them, No. 356, had not matured at the date of the writ; yet the auditor finds that they were all in fact given to furnish the plaintiff an immediate remedy against the defendants, for acceptances of their drafts which the plaintiff has paid.

The defendants object that these notes must all be laid out of the case : (1) Because they are made payable to George Mathewson, deceased, who has not indorsed either of them; (2) because the note of September 12, 1860, had not matured at the date of the writ.

The plaintiff claims that by the agreement between the parties, when the plaintiff accepted the defendants' drafts, he should be entitled to an immediate remedy for that amount, and he now claims—(1) that when he accepted the defendants' drafts, he became *ipso facto* entitled to sue the defendants, and secure the amount he might ultimately have to pay on account of such acceptance; (2) that these notes were made for the purpose of giving the plaintiff such a remedy, and are to have the legal effect the parties intended; (3) that these notes are to be regarded as if given to the plaintiff, by the name of George Mathewson.

The auditor has found a balance due on the following named notes: namely,

Note No. 323, July 3, for $2,500; No. 341, August 8, for $2,500; No. 347, August 27, for $2,500; No. 349, September 4, for $2,500; No. 350, September 8, for $2,500; No. 360, October 13, for $2,500; No. 362, October 15, for $1,300, subject to the exception of the defendants. The defendants say that on the 11th of January, 1861, the plaintiff recovered judgment against the defendants, in the Supreme Court of the city and county of New-York, upon said notes, for $16,300, debt, and $74.30 costs, upon which judgment $12,663.75 has been paid; and they claim that this cause of action, set out in the plaintiff's specification, has been merged in this judgment, and that no part of it can be recovered in this suit, and they offer a copy of the judgment of said court of New-York, and a copy of the sheriff's return upon the execution, in proof of these positions.

To the reading of this proof the plaintiff objects: (1) Because this objection is personal, and can only be made by the defendants, and is not open to subsequent attaching creditors; (2) because this defense is open to no party, except upon a special plea, and none is filed in the case. And thereupon the defendants moved for leave to file a special plea. The plaintiff admits that twelve thousand six hundred and sixty-three dollars and seventy-five cents ($12,663.75) has been paid toward said notes. The defendants further object that these notes can not be recovered in this action, because they are made payable to Brockholst Mathewson, and do not conform to the specification.

The auditor finds that these seven notes were made by the defendants, and payable to George Mathewson, and by him indorsed to the plaintiff, in fulfillment of the before named agreement between the parties; that the plaintiff left these notes with his attorney, residing at a distance from Dover, for collection; that when the attorney indorsed the notes to the plaintiff's attorney at Dover, he wrote over the name of George Mathewson, on each of said notes, "pay to Brockholst Mathewson;" that this was done only to guard against accident, or an improper use of so large an amount of notes while on their way to the attorney in Dover, for doing which he had no authority, except incidental to his position as the plaintiff's attorney as to said notes. The defendants objected to the reading of the deposition of Lewis P. Child, upon the ground that it does not appear from the caption that the oath was taken before the magis-

trate who took the deposition.   This objection was overruled, and the defendants except.   The defendants insist that though the notes allowed may, in form, be on interest from their date, interest should only be cast on each from the time of the actual payment of the acceptance for which the note was given.   The auditor has allowed interest from the dates of the notes, because he finds that these notes, with interest from their dates, amount to less than the actual payments made by the plaintiff, on drafts which he accepted, for the defendants' accommodation, with interest from such payments.

The defendants further object that the money count in the plaintiff's writ will not uphold this claim ; that it should have been for money paid, and not for money had and received; that the money accruing from the drafts was the defendants' money, and they had a right to retain it, against the plaintiff, until the note he held had matured, and the defendants neglected to pay it.

The plaintiff claims (1) that the notes were only one mode of proving the contract; that the contract was that the plaintiff, upon accepting the defendants' draft, should have the right of immediate action against the defendants, and that in that action he could re-recover an amount equal to what he may have paid on account of such acceptances, before judgment shall have been rendered ; (2) that said notes, having been given to enable the plaintiff to enforce his remedy against the defendants, he can recover according to the terms of the notes, if, in the aggregate, he do not recover more than he has paid on the defendants' account.

*Wheeler & Hall*, for the plaintiff.

*Christie*, and *H. L. Hazelton*, for the defendants.

Bartlett, J.   The plaintiff, according to the finding of the auditor, being a mere accommodation acceptor as between himself and the defendants, stands as a surety.   *Parks* v. *Ingram*, 22 N. H. 292.   The notes were given to indemnify the plaintiff for this liability, and upon each of these notes he can recover only the amount he has paid out before trial on account of the liability for which it was an indemnity; *Osgood* v. *Osgood*, 39 N. H. 210; *Little* v. *Little*, 13 Pick. 426 ; with interest from the time of payment.   *Cushing* v. *Gove*, 15 Mass. 70.

The auditor had no power to allow an amendment of the pleadings; *Merrill* v. *Russell*, 12 N. H. 77; and he could not allow the note numbered 357, if it varied from the specification.   The plaintiff could not recover on the note which had not matured at the date of his writ, as no cause of action had then accrued to him upon it; and parol evidence could not be received to show that the note was, when made, payable otherwise than according to its terms. 2 C. & H. Notes Phill. Ev. 591.   Under the specification, describing the notes as payable to and indorsed by George Mathewson, and under the count for money had and received, the plaintiff could not recover on the notes which were payable to George Mathewson, but not indorsed by him, for they vary substantially from the specifica-

tion; and beside, if they had been passed directly to the plaintiff by the defendants, yet no money and nothing treated as money passed between them. *Foster* v. *Shattuck*, 2 N. H. 447; *Elliott* v. *Abbott*, 12 N. H. 554; Chit. on Bills 581.

If the judgment recovered by the plaintiff in New-York can avail the parties defending in this suit, it can not do so upon the general issue, as that judgment was recovered since the commencement of this suit. 1 Chit. Pl. 657; *Rogers* v. *Odell*, 39 N. H. 452; *Kimball* v. *Wilson*, 3 N. H. 102.

The question whether the plaintiff, if he had paid the bills before suit, might have his remedy upon the implied promise of indemnity, notwithstanding the notes, if they were unsatisfied (see *Cornwall* v. *Gould*, 4 Pick. 448; *Gibbs* v. *Bryant*, 1 Pick. 121), does not arise upon the pleadings. The plaintiff, standing as a mere surety, could maintain no action upon such implied promise before payment. *Parks* v. *Ingram*, 22 N. H. 292. It follows that the money obtained by the defendants upon the acceptances was not received to the plaintiff's use; 1 Chit. Pl. 356; and for the subsequent payment he can not recover under a count for money had and received. *Ford* v. *Keith*, 1 Mass. 139.

Whether or not, upon the facts stated, the plaintiff could recover any damages of the defendants for not placing him "in a position immediately to protect himself," &c., we need not inquire, for no such question arises upon the pleadings.

The indorsement of the notes by the plaintiff's attorney was without authority; *White* v. *Hildreth*, 13 N. H. 104; and therefore could not affect the right of the plaintiff.

Nothing is stated in the case to show that the objection taken to the deposition of Child was well founded in fact. The various motions to amend may be considered at the trial term.

*The report must be recommitted.*